UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELVIN POLK,

           Plaintiff,

    v.

JENNIE CLAY, et al.,

           Defendants.

Case No. 24-cv-08712-TLT

**ORDER OF DISMISSAL**

Plaintiff, who is confined at Napa State Hospital and is proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983 regarding the taking of some of his property by hospital staff members on December 12, 2024. The complaint was dismissed with leave to amend, and plaintiff's First Amended Complaint (FAC) is now before the Court for screening. Dkt. No. 23. For the reasons identified below, the complaint is dismissed without leave to amend.

    **A.**    **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the

1  grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

2  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more

3  than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

4  do. . .. Factual allegations must be enough to raise a right to relief above the speculative level."

5  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must

6  proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  All or part

7  of a complaint filed by a prisoner may be dismissed *sua sponte* if the prisoner's claims lack an

8  arguable basis in either law or in fact.

9      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)

10  that a right secured by the Constitution or laws of the United States was violated, and (2) that the

11  alleged violation was committed by a person acting under the color of state law.  *See West v.*

12  *Atkins*, 487 U.S. 42, 48 (1988).

13      If a court dismisses a complaint for failure to state a claim, it should "freely give

14  leave" to amend "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A court has discretion to

15  deny leave to amend due to "undue delay, bad faith or dilatory motive on the part of the movant,

16  repeated failure to cure deficiencies by amendment previously allowed undue prejudice to the

17  opposing party by virtue of allowance of the amendment, [and] futility of amendment."

18  *Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008).

19      **B.**    **Plaintiff's FAC**

20      Plaintiff's FAC names Mark Rohlena, Jennie Clay, Jan Thnay, Peter U.S., and Nomer as

21  defendants. He alleges illegal search and seizures on October 9 and December 12, 2024, that his

22  legal mail was opened on January 15, 2025, and that "they all so tamper with evidences." He

23  alleges defendants were aware of his lawsuit with Case No. 24-cv-8712. But the current case is

24  Case No. 24-cv-8712, so it is not possible that staff knew of this lawsuit before the searches that

25  plaintiff complains about in this lawsuit.

26      Plaintiff has not addressed the deficiencies identified in the Court's prior order. He has not

27  explained whether he is a civil detainee or prisoner. He has not alleged facts showing that the

28  search was retaliatory, and a search of a prisoner's room or living space is otherwise lawful. He

has alleged random and unauthorized deprivation of his property, which does not state a due process claim because he may bring a state tort action. He has not explained how each defendant took specific acts or failed to act in ways that violated his constitutional rights. He has filed over 650 pages of documents that appear to be jokes, games, drawings, invention notes, and religious content, none of which turns his claim into a cognizable one. Because it appears that further amendment would be futile, his claims are dismissed without leave to amend.

## CONCLUSION

The action is dismissed without leave to amend. The Clerk shall enter judgment for the defendants and close the file.

**IT IS SO ORDERED.** Dated:

September 25, 2025

TRINA L. THOMPSON
United States District Judge

3